IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1530-08






ROBERT LEE MENEFEE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


SMITH COUNTY





 Keller, p.j., filed a dissenting opinion in which Keasler and Hervey,
JJ., joined.


DISSENTING OPINION



 The certification of appeal says that this was not a plea-agreement case and appellant had a
right to appeal. This certification is refuted by the record. Appellant expressly waived his right to
appeal. Under our opinion in Dears v. State, the certification of appeal is therefore defective. (1) It is
not clear whether a waiver of appeal or a defective certification results in a lack of appellate
jurisdiction, or whether authorizing an appeal when there is a waiver or a defective certification is
a systemic error under Marin, (2) or whether the State has to complain at some point. We have not
written on the specific issue. It does seem clear that if the discrepancy between the record and the
certification had been raised early on, the court of appeals would have been, at the least, "obligated
to review [the] record in ascertaining whether the certification [was] defective." (3) It also seems that
the court of appeals would have lacked authority to reverse the judgment until the matter was cleared
up. (4) 

 We could remand this case to the court of appeals to address the issue of jurisdiction. Or we
could address it ourselves. What we should not do is skip over the issue, because if the court of
appeals did not have jurisdiction of the case, neither do we.

 Rather than proceed under these circumstances, I would dismiss the petition as improvidently
granted. 

Filed: July 1, 2009

Publish
1. 154 S.W.3d 610, 614 (Tex. Crim. App. 2005
).
2. Marin v. State, 851 S.W.2d 275 (Tex. Crim. App. 1993).
3. Id. at 615.
4. See Tex. R. App. P. 44.4.